**<u>Continuation of Application for Criminal Complaint</u>**

I, Michael DeMinck, being duly sworn, hereby depose and state as follows:

1.      I am a Deputy United States Marshal with the United States Marshals Service (USMS), having been duly appointed on December 20, 2012, and as such, am a Federal Law Enforcement Officer within the meaning of Rule 41(a) of the Federal Rules of Criminal Procedure, that is, a government agent engaged in the enforcement of the criminal laws of the United States and thereby authorized to request the issuance of a federal seizure warrant. Upon becoming employed with the USMS, I successfully completed the Criminal Investigator Training Program and the Basic Deputy U.S. Marshal Training Course at the Federal Law Enforcement Training Center in Glynco, GA. During my employment with the USMS, I have conducted investigations into a wide variety of federal criminal laws, and I have significant experience in enforcement of those laws. These criminal violations include investigations of escaping from custody, in violation of 18 U.S.C. § 751(a), and failing to surrender for service of sentence, in violation of 18 U.S.C. § 3146(a)(2). As a federal agent, I am authorized to investigate violations of laws of the United States and to execute warrants issued under the authority of the United States.

2.      I submit this continuation in support of a criminal complaint and arrest warrant for Quincy Tremayne BLOODWORTH. As set forth below, I submit there is probable cause to believe BLOODWORTH committed a violation of 18 U.S.C. § 751(a) (escape from custody) on or about May 29, 2026, in Kalamazoo, Michigan.

3.      This continuation is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4.      I am advised by the United States Attorney's Office that the elements of 18 U.S.C. § 751(a) are:

      a.  First, that the defendant was in custody in an institution or facility in which he was confined by direction of the Attorney General;

      b.  Second, that the defendant left custody without permission;

      c.  Third, that the defendant knew he did not have permission to leave federal custody.

I am further advised that a defendant who is serving a part of a term of federal imprisonment at a halfway house is in federal custody for the purposes of this statute. *See, United States v. Rocha-Leon*, 187 F.3d 1157, 1159 (9th Cir. 1999).

### Probable Cause

5.      In 2019, BLOODWORTH was sentenced to serve 120 months in the Bureau of Prisons (BOP). *See United States v. Quincy Tremayne Bloodworth*, 1:18-cr-149-RJJ, R. 39: Judgment, PageID.228.

6.      On November 6, 2025, the BOP ordered BLOODWORTH to complete the remainder of his sentence at KPEP, a Residential Reentry Center in Kalamazoo, Michigan.

7.      BLOODWORTH arrived at Residential Reentry Center on February 18, 2026. Upon arrival, he was advised of the conditions of his custody. Among other

things, he was told that he was permitted to leave the facility only for employment and other approved purposes.

8.      On May 29, 2026, BLOODWORTH left the facility without providing an explanation or receiving approval. As of today (June 2, 2026) BLOODWORTH has still not returned to Residential Reentry Center, and his whereabouts are unknown.

## Conclusion

9.      Based on the above, I submit there is probable cause to believe that Quincy Tremayne BLOODWORTH has escaped from custody in violation of 18 U.S.C. § 751(a).